Inserra v. Hamblett & Kerrigan          CV-94-454-M    01/31/95
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Vincent Inserra and Anna Inserra,
        Plaintiffs,

            v.                                    Civil No. 94-454-M

Hamblett & Kerrigan, P.A.
and Chester H. Lopez, Jr.,
        Defendants.



                            O R D E R


    This is a malpractice action in which the plaintiffs
(collectively, "Inserra") allege that the defendants
(collectively, "Hamblett & Kerrigan") provided them with
negligent legal representation.  Inserra also alleges that
Hamblett & Kerrigan placed itself in a conflict of interest by
simultaneously representing Inserra and White Mountain Chrysler-
Plymouth-Dodge, Inc. ("White Mountain") in a transaction
involving the sale of Inserra's White Mountain stock to another
shareholder.  Before the court is Hamblett & Kerrigan's Motion
for Advance Ruling on Plaintiffs' Waiver of Attorney-Client
Privilege.

## I.   Background.

Defendant Chester Lopez is an attorney employed by Hamblett & Kerrigan. Hamblett & Kerrigan served as corporate counsel to White Mountain and Lopez acted as one of its corporate officers. Inserra alleges that in or about 1991, he retained Hamblett & Kerrigan to represent him regarding the sale of his shares of White Mountain stock to another shareholder. Defendants deny that they were retained by Inserra in such a capacity and claim that they provided no personal representation to him regarding the stock sale. Instead, Hamblett & Kerrigan argues that Inserra secured the services of other legal counsel to represent his interests in the stock sale transaction, while its representation was limited to assisting the corporation.

Hamblett & Kerrigan seeks discovery from Inserra's alleged other attorneys so that it might determine the nature and scope of the attorney-client relationships which they established with Inserra and the advice which they provided to him regarding the stock sale. Hamblett & Kerrigan argues that such discovery is critical to the central issues in this case: (i) whether Hamblett & Kerrigan actually represented Inserra in the stock sale; (ii) whether Inserra could have reasonably believed that Hamblett &

2

Kerrigan was representing him in the stock sale; and (iii) whether Inserra acted in reliance upon advice allegedly given to him by Hamblett & Kerrigan relating to the stock sale.

Hamblett & Kerrigan argues that by asserting his claims, Inserra has waived the attorney-client privilege between himself and his other attorneys, at least with regard to issues relevant to this case.  Accordingly, Hamblett & Kerrigan urges the court to permit it to depose Inserra's other counsel on issues regarding the nature of their representation of Inserra relative to the stock sale.

II.  Discussion.

The court addressed (and believed that it had resolved) this issue at a pretrial conference held on December 1, 1994:

> There appears to be a legitimate issue as to whether
> the defendant law firm and attorney in fact represented
> plaintiffs in connection with the transaction at issue
> in any capacity that might give rise to a duty subject
> to breach.  Plaintiffs and defendants will cooperate in
> discovery during the thirty (30) days following the
> date of the pretrial conference, limited to the issue
> of representation in connection with this matter.
> Assuming plaintiffs and plaintiffs' counsel are
> satisfied that there was no representative relationship
> that could give rise to an action for breach,
> plaintiffs may file a motion for voluntary dismissal.
> Should plaintiffs not be satisfied, defendants may file

3

        a motion to dismiss and/or for summary judgment on the
        issue of representation . . ..

Pretrial Order dated December 7, 1994.  To the extent that this

order requires clarification, the court rules as follows:

Defendants shall be permitted, consistent with applicable law and

the Federal Rules of Civil Procedure, to conduct discovery with

regard to any communications by or between Inserra and his other

legal representatives concerning the sale of his White Mountain

stock and the issues (i-iii) identified above.  Inserra's

assertion of the attorney-client privilege shall not operate to

bar or limit such discovery.


    By instituting this action against Hamblett & Kerrigan,

Inserra has waived the attorney-client privilege between himself

and the other attorneys whom he purportedly contacted with regard

to the sale of White Mountain stock.  As this court (Loughlin,

J.) has previously held:


        The court agrees that the [attorney-client] privilege
        is crucial to many attorney-client relationships, but
        is also cognizant of the fact that there are times when
        the privilege can be waived.  For instance, an
        attorney-client privilege may be invaded "when there is
        a compelling need for the information and no
        alternative sources available."

                            *  *  *

                              4

> The aforementioned interests have been incorporated
> into what has been characterized by some courts as the
> "offensive-use waiver" principle.  This principle
> provides that a waiver of the attorney-client privilege
> occurs when a party avouching the principle has brought
> a suit seeking affirmative relief in a manner which
> puts the allegedly privileged matter at issue.
> Succinctly, "the attorney-client privilege cannot [and
> should not] at once be used as a shield and a sword."

Johnson v. Shaines & McEachern, No. 93-238-L, 1994 U.S. Dist. LEXIS 16276 (October 4, 1994) (citations omitted).

The court finds that there is a compelling need for the information which Hamblett & Kerrigan seeks to discover and there is no alternate source for such information, other than from Inserra's other attorneys.  Mcgranahan v. Dahar, 119 N.H. 758, 764 (1979).  And, balancing the importance of the privilege asserted against Hamblett & Kerrigan's need for the information sought, the court finds the latter to be of greater import.  See Greater Newburyport Clamshell Alliance v. Public Serv. Co., 838 F.2d 13, 20 (1st Cir. 1988).  The court also holds that application of the "offensive-use waiver" compels the conclusion that Inserra has waived the attorney-client privilege with regard to communications to or from any attorneys or legal representatives regarding the sale of his White Mountain stock.

5

Johnson v. Shaines & McEachern, supra; see also, Conkling v. Turner, 883 F.2d 431, 434 (5th Cir. 1989).

Accordingly, Inserra's assertion of the attorney-client privilege shall not operate to bar or limit Hamblett & Kerrigan's inquiry into that matter.  Defendants' Motion For Advance Ruling on Plaintiffs' Waiver of Attorney-client Privilege (document no. 6) is granted.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

January 31, 1995

cc:  David C. Wing, Esq.
     Stanley Morganstern, Esq.
     Richard C. Nelson, Esq.